1  Steven T. Gubner - Bar No. 156593
   Richard D. Burstein - Bar No. 56661
2  Talin Keshishian - Bar No. 201830
   Angie S. Lee - Bar No. 254018
3  EZRA BRUTZKUS GUBNER LLP
   21650 Oxnard Street, Suite 500
4  Woodland Hills, CA  91367
   Telephone: 818.827.9000
5  Facsimile:  818.827.9099

6  Attorneys for the Official Committee of Unsecured Creditors, Plaintiff

7

8              UNITED STATES BANKRUPTCY COURT

9        CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| 10  In re | Case No. 2:06-bk-13630-RN |
| 11  FLORICA, INC. fka Wolfgang Puck Casual Dining Inc. fka Wolfgang Puck Food | Chapter 11 |
| 12  Company, Inc., | Adv. Case No. |
| 13       Debtor. | **COMPLAINT: (1) TO AVOID AND RECOVER FRAUDLENT TRANSFERS, (2) FOR BREACH OF FIDUCIARY DUTY AND (3) NEGLIGENCE** |
| 14  THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS | |
| 15  | Date:  To be determined |
| 16       Plaintiff, | Time:  To be determined<br>Place: Courtroom 1645 |
| 17  v. | United States Bankruptcy Court<br>255 East Temple Street |
| 18  WOLFGANG PUCK, an individual, WOLFGANG PUCK WORLDWIDE, INC., a | Los Angeles, CA 90012 |
| 19  Delaware corporation, ROBERT FREDERICK KAUTZ, JR., an individual, JUDY LAWRIE, | |
| 20  an individual, DONALD KARAS, an individual, DAVID SCULLEY, an individual | |
| 21  | |
| 22       Defendants. | |
| 23  | |

24    Plaintiff, the Official Committee of Unsecured Creditors (the "Committee" or

25  "Plaintiff"), acting on behalf of the estate (the "Estate") of the above-captioned debtor and

26  debtor-in-possession (the "Debtor"), complaining of defendants Wolfgang Puck ("Puck"),

27  Wolfgang Puck Worldwide, Inc. ("WPW"), Robert Fredrick Kautz, Jr., ("Kautz"), Judy Lawrie

28
                                  -1-

("Lawrie"), Donald Karas ("Karas") and David Sculley ("Sculley") (collectively the "Defendants"), alleges as follows:

## STATEMENT OF JURISDICTION, PARTIES AND PROCEEDING

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and (2) and 1334(a) and General Order No. 242-A of the District Court for the Central District of California, as this is a core proceeding under 28 U.S.C. §§ 157(a) and 157(b)(2)(F) and (H). Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a); the instant proceeding is related to a case under Title 11 of the United States Code which is still pending.

2. On or about August 4, 2006 (the "Petition Date"), the Debtor filed a voluntary petition under Title 11 of the United States Code. The Debtor has retained possession of its assets and continues to operate and manage its business as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3. The instant complaint (the "Complaint") initiates an adversary proceeding (the "Adversary Proceeding") in which the Plaintiff seeks: 1) to recover for the benefit of the Estate monies or other property transferred by the Debtor to the Defendants; and/or 2) to recover damages arising from the conduct of Defendants or some of them.

4. Puck at all relevant times herein was a shareholder and Chairman of the Board of the Debtor and was a shareholder, officer and director of WPW and was at times an officer of the Debtor. Puck's business activities in the Central District of California at all times material herein have been substantial, continuous and systematic. Puck resides within the jurisdiction of this Court.

5. WPW is a Delaware corporation authorized to do business in the State of California. WPW's business activities in the Central District of California at all times material herein have been substantial, continuous and systematic.

6. Kautz, Lawrie, Karas and Sculley, at all times material herein, were directors of the Debtor. In addition, Kautz at all times material herein was an officer of the Debtor and WPW and a shareholder of WPW through a family LLC. Finally, Sculley was at all

-2-

times material herein a director of the Debtor and WPW. Their business activities in the Central District of California at all times material herein have been substantial, continuous and systematic. They reside within the jurisdiction of this Court.

7. The Committee was appointed by the United States Trustee for the Central District of California in the instant chapter 11 bankruptcy case on September 1, 2006. Plaintiff sought standing to bring the Adversary Proceeding on behalf of the Estate. Plaintiff was granted standing through the Order on Motion Jointly by Debtor, Debtor-in-Possession and the Official Committee of Unsecured Creditors for Authority for the Official Committee of Unsecured Creditors to Commence an Adversary Proceeding on Behalf of the Estate entered on April 28, 2008.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

8. Plaintiff is informed and believes, and thereon alleges, that in late 1998, the Debtor hired Kautz.

9. Plaintiff is informed and believes, and thereon alleges, that after two years, with the express encouragement and approval of Puck and for Kautz's own economic gain, Kautz conceived a 'bust out scheme' for the Debtor. The Debtor at all times material herein was insolvent. The 'bust out scheme' was designed to transfer the valuable assets of the Debtor to a new entity, WPW, and to others, with benefit to WPW, leaving the Debtor with only shares of uncertain value in WPW. The transfers ("Transfers") were made for less than reasonably equivalent value.

10. Plaintiff is informed and believes, and thereon alleges, that the new entity, WPW, was created on or about May 26, 2000. Kautz became CEO, a director and shareholder of WPW at that time.

11. Plaintiff is informed and believes, and thereon alleges, that the Debtor transferred its Express Café format to WPW for less than reasonably equivalent value in or about December 2001. Other assets of the Debtor were then transferred to Puck for less than reasonably equivalent value.

12. Plaintiff is informed and believes, and thereon alleges, that the Debtor transferred its Grand Café in Orlando, Florida to Levy Restaurant, Inc., on or about September 17, 2003 for less than reasonably equivalent value. As part of that transfer, property of the Debtor was transferred to WPW for less than reasonably equivalent value.

13. Plaintiff is informed and believes, and thereon alleges, that on or about February 28, 1995 Puck and his then wife Barbara Lazaroff incurred an obligation of approximately $1,207,096 to the Debtor, made the subject of a promissory note dated February 28, 1995 ("Puck/Lazaroff Note"). Puck's portion of the joint promissory note is approximately $600,000. In or about April 2006, Puck caused the Puck/Lazaroff Note to be substantially discounted and improper offsets against it to be taken, substantially reducing his and Ms. Lazaroff's obligation to the Debtor.

14. At relevant times herein, in or about September 2003, valuable trademarks of the Debtor were transferred to WPW for less than reasonably equivalent value.

15. Kautz, Lawrie, Karas and Sculley authorized and approved the acts and committed the omissions herein alleged.

16. There exist unsecured creditors of the Estate holding allowable claims under 11 U.S.C. § 502. These creditors were creditors of the Debtor at the time of the Transfers which are voidable by creditors under the Uniform Fraudulent Transfer Act of the State of California and/or were creditors after Transfers all as may be required under the Uniform Fraudulent Transfer Act of the State of California.

**FIRST CLAIM FOR RELIEF**

(AVOIDANCE OF FRAUDULENT TRANSFER, ACTUAL INTENT AGAINST PUCK & WPW)

[11 U.S.C. § 544(b), Cal. Civ. Code § 3439.04(a)(1), and applicable California fraudulent transfer common law]

17. Plaintiff realleges each and every allegation contained in paragraphs 1-16 of this Complaint and, by this reference, incorporates said allegations as though set forth fully herein.

-4-

18. Plaintiff is informed and believes and thereon alleges that the Transfers were made with the actual intent to hinder, delay, or defraud the Debtor's creditors.

19. By reason of the foregoing, the Transfers are avoidable pursuant to § 544(b), Cal. Civ. Code § 3439.04(a)(1) and applicable California fraudulent transfer common law.

### SECOND CLAIM FOR RELIEF

(AVOIDANCE OF FRAUDULENT TRANSFER, CONSTRUCTIVE INTENT AGAINST PUCK & WPW)

[11 U.S.C. § 544(b), Cal. Civ. Code § 3439.05 and applicable California fraudulent transfer common law]

20. Plaintiff realleges each and every allegation contained in paragraphs 1-16 of this Complaint and, by this reference, incorporates said allegations as though set forth fully herein.

21. Plaintiff is informed and believes and thereon alleges that the Transfers were made for less than reasonably equivalent value when the Debtor was insolvent or as a result of which the Debtor became insolvent.

22. By reason of the foregoing, the Transfers are avoidable pursuant to § 544(b), Cal. Civ. Code § 3439.05 and applicable California fraudulent transfer common law.

### THIRD CLAIM FOR RELIEF

(AVOIDANCE OF FRAUDULENT TRANSFER, CONSTRUCTIVE INTENT AGAINST PUCK & WPW)

[11 U.S.C. § 544(b), Cal. Civ. Code § 3439.04(a)(2)(A) and applicable California fraudulent transfer common law]

23. Plaintiff realleges each and every allegation contained in paragraphs 1-16 of this Complaint and, by this reference, incorporates said allegations as though set forth fully herein.

24. Plaintiff is informed and believes and thereon alleges that the Transfers were made without the Debtor receiving reasonably equivalent value in exchange, and that the Debtor was engaged or was about to engage in a business or transaction for which the

1  remaining assets of the Debtor were unreasonably small in relation to the business or
2  transaction.
3  25. By reason of the foregoing, the Transfers are avoidable pursuant to § 544(b), Cal. Civ.
4  Code § 3439.04(b)(2)(A) and applicable California fraudulent transfer common law.

### FOURTH CLAIM FOR RELIEF
(AVOIDANCE OF FRAUDULENT TRANSFER, CONSTRUCTIVE INTENT AGAINST PUCK &WPW)

[11 U.S.C. § 544(b), Cal. Civ. Code § 3439.04(a)(2)(B) and applicable California fraudulent transfer common law]

26. Plaintiff realleges each and every allegation contained in paragraphs 1-16 of this Complaint and, by this reference, incorporates said allegations as though set forth fully herein.

27. Plaintiff is informed and believes and thereon alleges that the Transfers were made without the Debtor receiving reasonably equivalent value in exchange, and that the Debtor intended to incur, or the Debtor believed that it would incur, debts beyond the Debtor's ability to pay as they became due.

28. By reason of the foregoing, the Transfers are avoidable pursuant to § 544(b), Cal. Civ. Code § 3439.04(b)(2)(B) and applicable California fraudulent transfer common law.

### FIFTH CLAIM FOR RELIEF
(BREACH OF FIDUCIARY DUTY AGAINST PUCK, KAUTZ, LAWRIE, KARAS AND SCULLEY)

29. Plaintiff realleges each and every allegation contained in paragraphs 1-16 of this Complaint and, by this reference, incorporates said allegations as though set forth fully herein.

30. By virtue of the relationship that existed between the Debtor and Puck, Kautz, Lawrie, Karas and Sculley, and by virtue of the Debtor having placed confidence in the express representations, fidelity, and integrity of said defendants, in entrusting them with acting on its behalf, a special relationship existed at all times relevant hereto between Puck,

1 | Kautz, Lawrie, Karas and Sculley and the Debtor.

2 | 31. Despite having voluntarily accepted the trust and confidence of the Debtor with regard to

3 | operating its business and looking after the best interests of the Debtor, defendants Puck,

4 | Kautz, Lawrie, Karas and Sculley and each of them abused the trust and confidence of

5 | the Debtor and their fiduciary relationship to the Debtor by failing to perform fully and

6 | competently their functions and duties in representing the Debtor's interests and/or those

7 | of creditors and acting only for their self-benefit and advantage.

8 | 32. As a proximate result of the aforementioned breach of fiduciary duties to the Debtor, the

9 | Debtor has been damaged in an amount according to proof at trial.

10 | 33. As a further proximate result of defendants' Puck, Kautz, Lawrie, Karas and Sculley

11 | breach of fiduciary duties herein alleged, Plaintiff, incurred and continues to incur costs

12 | to investigate said breach of fiduciary duties and the facts giving rise to the said claims of

13 | breach of fiduciary duty.

14 | 34. In doing the acts herein alleged, the above-referenced Defendants acted with oppression,

15 | fraud, malice, and Plaintiff is entitled to exemplary and/or punitive damages.

16 | **SIXTH CLAIM FOR RELIEF**

17 | (NEGLIGENCE AGAINST PUCK, KAUTZ, LAWRIE, KARAS AND SCULLEY)

18 | 35. Plaintiff realleges each and every allegation contained in paragraphs 1-16 of this

19 | Complaint and, by this reference, incorporates said allegations as though set forth fully

20 | herein.

21 | 36. By virtue of the relationship that existed between the Debtor and Puck, Kautz, Lawrie,

22 | Karas and Sculley, said Defendants assumed a duty of care towards the Debtor in the

23 | discharge of their responsibilities and offices.

24 | 37. In doing the acts and omissions herein alleged, Defendants, and each of them, breached

25 | their duty of care, were negligent, and thereby failed to discharge their responsibilities

26 | and offices.

27 | 38. As a proximate result of the acts and omissions herein alleged, the Debtor has been

28 | damaged in an amount according to proof at trial.

**WHEREFORE,** the Plaintiff respectfully prays for judgment against the Defendants as follows:

    a.    On the first, second, third, and fourth claims for relief, that the Transfers be avoided for the benefit of the Estate and the value of the property transferred be recovered;

    b.    On the fifth and sixth claims for relief, for damages in an amount as shall be according to proof prior to judgment and for exemplary damages on the fifth claim for relief;

    c.    On all claims for relief, that the Plaintiff be awarded costs for the benefit of the Estate incurred in connection with this action; and

    d.    For such other and further relief as this Court deems just and proper.

Dated: April 29, 2008

EZRA BRUTZKUS GUBNER LLP

By: /s/ [signature]
Steven T. Gubner
Richard D. Burstein
Angie S. Lee
Attorneys for the Official Committee of Unsecured Creditors

43405

| Attorney or Party Name, Address, Telephone and Fax Number, and CA State Bar Number | FOR COURT USE ONLY |
|---|---|
| Steven T. Gubner (SBN 156593)<br>Richard D. Burstein (SBN 056661)<br>EZRA BRUTZKUS GUBNER LLP<br>21650 Oxnard Street, Suite 500<br>Woodland Hills, CA 91367<br>Tel:(818)827-9000; Fax:(818)827-9099<br>Fax No.:<br>Bar No: 156593<br>*Attorney for Plaintiff* Official Committee of Unsecured Creditors | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re: FLORICA, Inc. fka Wolfgang Puck Casual Dining, Inc., fka Wolfgang Puck Food Co., Inc.<br><br>Debtor. | CHAPTER 11<br>CASE NUMBER 2:06-bk-13630-GM<br>ADVERSARY NUMBER |
|---|---|
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS<br>vs.  Plaintiff(s),<br>WOLFGANG PUCK, an individual, etc.<br>(SEE CONTINUATION PAGE)<br>Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| **Hearing Date:** | **Time:** | **Courtroom:** 1645 | **Floor:** |
|---|---|---|---|
| X  255 East Temple Street, Los Angeles | | 411 West Fourth Street, Santa Ana | |
|    21041 Burbank Boulevard, Woodland Hills | | 1415 State Street, Santa Barbara | |
|    3420 Twelfth Street, Riverside | | | |

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**JON D. CERETTO**
**Clerk of the Bankruptcy Court**

By: _____
**Deputy Clerk**

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*Revised December 1998 (COA-SA)*                                                                                          **F 7004-1**

Summons and Notice of Status Conference
Form F 7004-1
Page 2
CONTINUATION PAGE RE: CAPTION

| |
|---|
| In re<br><br>FLORICA, INC. fka Wolfgang Puck Casual Dining Inc. fka Wolfgang Puck Food Company, Inc.,<br><br>    Debtor. |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS<br><br>    Plaintiff,<br><br>v.<br><br>WOLFGANG PUCK, an individual, WOLFGANG PUCK WORLDWIDE, INC., a Delaware corporation, ROBERT FREDERICK KAUTZ, JR., an individual, JUDY LAWRIE, an individual, DONALD KARAS, an individual, DAVID SCULLEY, an individual<br><br>    Defendants. |

57641

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS | **DEFENDANTS**<br>WOLFGANG PUCK, an individual, WOLFGANG PUCK WORLDWIDE INC., a Delaware corporation, ROBERT FREDERICK KAUTZ, an individual, JUDY LAWRIE, etc. (SEE CONTINUATION PAGE) |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Steven T. Gubner (SBN 156593)<br>Richard D. Burstein (SBN 056661)<br>EZRA BRUTZKUS GUBNER LLP<br>21650 Oxnard Street, Suite 500<br>Tel:(818)827-9000 | **ATTORNEYS** (If Known)<br>(SEE CONTINUATION PAGE) |
| **PARTY** (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☒ Other the Official Committee<br>☐ Trustee         of Unsecured Creditors | **PARTY** (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint: (1) to Avoid and Recover Fraudulent Transfers, (2) for Breach of Fiduciary Duty and (3) Negligence.

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- 11-Recovery of money/property - §542 turnover of property
- 12-Recovery of money/property - §547 preference
- **1** 13-Recovery of money/property - §548 fraudulent transfer
- 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- 61-Dischargeability - §523(a)(5), domestic support
- 68-Dischargeability - §523(a)(6), willful and malicious injury
- 63-Dischargeability - §523(a)(8), student loan
- 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- 71-Injunctive relief – imposition of stay
- 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- 01-Determination of removed claim or cause

**Other**
- SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
- **2** 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought a) That the transfers be avoided for the benefit of the Estate b) for damages according to proof prior to judgment and for exemplary damages, c) for costs incurred, and d) such other and further relief deemed just and proper

B104

Adversary Proceeding Sheet
Form B-104
Page 2
CONTINUATION PAGE RE: DEFENDANTS and ATTORNEYS

| |
|---|
| In re<br><br>FLORICA, INC. fka Wolfgang Puck Casual Dining Inc. fka Wolfgang Puck Food Company, Inc.,<br><br>Debtor. |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS<br><br>Plaintiff,<br><br>v.<br><br>WOLFGANG PUCK, an individual, WOLFGANG PUCK WORLDWIDE, INC., a Delaware corporation, ROBERT FREDERICK KAUTZ, JR., an individual, JUDY LAWRIE, an individual, DONALD KARAS, an individual, DAVID SCULLEY, an individual<br><br>Defendants. |

ATTORNEYS (IF KNOWN)

Attorneys for Wolfgang Puck
David Neale
Levene, Neale, Bender, Rankin & Brill LLP
10250 Constellation Blvd., Suite 1700
Los Angeles, CA  90067

Attorneys for Wolfgang Puck Worldwide, Inc.
Philip Heller
Fagelbaum & Heller LLP
2049 Century Park East #4250
Los Angeles, CA  90067

57639

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Florica, Inc. fka Wolfgang Puck Casual | BANKRUPTCY CASE NO.<br>2:06-bk-13630-RN | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central | DIVISION OFFICE<br>San Fernando Valley | NAME OF JUDGE<br>Richard Neiter |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*[signature]* | |
|---|---|
| DATE<br>April 29, 2008 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Richard D. Burstein (SBN 056661) |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.