1  DAVID L. NEALE (SBN 141225)
   MICHELLE S. GRIMBERG (SBN 217327)
2  LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
   10250 Constellation Blvd., Suite 1700
3  Los Angeles, California 90067
   Telephone: (310) 229-1234
4  Facsimile:  (310) 229-1244

5  Counsel for Wolfgang Puck

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Bankr. Case No. 2:06-bk-13630-RN |
| FLORICA, INC. fka Wolfgang Puck Casual Dining Inc. fka Wolfgang Puck Food Company, Inc., | Chapter 11 |
| | Adv. Proc. No. 2:08-ap-1439-RN |
| Debtor. | **WOLFGANG PUCK'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL** |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS | |
| Plaintiff, | STATUS CONFERENCE |
| | Date:  August 14, 2008 |
| v. | Time:  9:30 a.m. |
| | Place: Courtroom 1645 |
| WOLFANG PUCK, an individual, WOLFGANG PUCK WORLDWIDE, INC., a Delaware corporation, ROBERT FREDERICK KAUTZ, JR., an individual, JUDY LAWRIE, an individual, DONALD KARAS, an individual, DAVID SCULLEY, an individual | United States Bankruptcy Court 255 E. Temple Street Los Angeles, CA  90012 |
| Defendants. | |

Defendant Wolfgang Puck ("Defendant") hereby answers the Complaint of Plaintiff the Official Committee of Unsecured Creditors (the "Committee" or "Plaintiff"), acting on behalf of the estate (the "Estate") of the above-captioned debtor and debtor-in possession (the "Debtor") filed on or about May 5, 2008 ("Complaint"), as follows:

## STATEMENT OF JURISDICTION, PARTIES AND PROCEEDING

1.  Paragraph 1 of the Complaint consists of a legal conclusion and avers no facts. To the extent paragraph 1 of the Complaint alleges any facts, Defendant lacks sufficient information to admit or deny the allegations in paragraph 1 of the Complaint, and on that basis, denies the allegations contained therein.

2.  Paragraph 2 of the Complaint consists of a legal conclusion and avers no facts. To the extent paragraph 2 of the Complaint alleges any facts, Defendant lacks sufficient information to admit or deny the allegations in paragraph 2 of the Complaint, and on that basis, denies the allegations contained therein.

3.  Paragraph 3 of the Complaint consists of a legal conclusion and avers no facts. To the extent paragraph 3 of the Complaint alleges any facts, Defendant lacks sufficient information to admit or deny the allegations in paragraph 3 of the Complaint, and on that basis, denies the allegations contained therein.

4.  Paragraph 4 of the Complaint consists of a legal conclusion and avers no facts. To the extent paragraph 4 of the Complaint alleges any facts, Defendant lacks sufficient information to admit or deny the allegations in paragraph 4 of the Complaint, and on that basis, denies the allegations contained therein.

5.  Paragraph 5 of the Complaint consists of a legal conclusion and avers no facts. To the extent paragraph 5 of the Complaint alleges any facts, Defendant lacks sufficient information to admit or deny the allegations in paragraph 5 of the Complaint, and on that basis, denies the allegations contained therein.

6.  Defendant lacks sufficient information to admit or deny the allegations in paragraph 6 of the Complaint, and on that basis, denies the allegations contained therein.

7. Paragraph 7 of the Complaint consists of a legal conclusion and avers no facts. To the extent paragraph 7 of the Complaint alleges any facts, Defendant lacks sufficient information to admit or deny the allegations in paragraph 7 of the Complaint, and on that basis, denies the allegations contained therein.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

8. Defendant admits that the Debtor hired Kautz as alleged in paragraph 8 of the Complaint, but denies all other allegations in paragraph 8 of the Complaint.

9. Defendant denies the allegations in paragraph 9 of the Complaint.

10. Defendant admits the allegations in paragraph 10 of the Complaint.

11. Defendant denies the allegations in paragraph 11 of the Complaint.

12. Defendant admits that the Debtor transferred its interest in the Grand Café in Orlando, Florida to Levy Restaurants, Inc., on or about September 17, 2003 as alleged in paragraph 12 of the Complaint, but denies all other allegations in paragraph 12 of the Complaint.

13. Defendant admits that on or about February 28, 1995 Defendant and his then wife Barbara Lazaroff provided a promissory note dated February 28, 1995 to the Debtor in the amount of approximately $1,207,096 as alleged in paragraph 13 of the Complaint, but denies all other allegations in paragraph 13 of the Complaint.

14. Defendant lacks sufficient information to admit or deny the allegations in paragraph 14 of the Complaint, and on that basis, denies the allegations contained therein.

15. Defendant lacks sufficient information to admit or deny the allegations in paragraph 15 of the Complaint, and on that basis, denies the allegations contained therein.

16. Paragraph 16 of the Complaint consists of a legal conclusion and avers no facts. To the extent paragraph 16 of the Complaint alleges any facts, Defendant lacks sufficient information to admit or deny the allegations in paragraph 16 of the Complaint, and on that basis, denies the allegations contained therein.

## FIRST CLAIM FOR RELIEF

17. In response to the allegations contained in paragraph 17, Defendant hereby

3

1 | sets forth and incorporates by this reference his prior responses to the allegations contained in
2 | paragraphs 1 through 16, inclusive, as fully set forth herein-above.
3 |     18.    Defendant denies the allegations in paragraph 18 of the Complaint.
4 |     19.    Paragraph 19 of the Complaint consists of a legal conclusion and avers no facts.
5 | To the extent paragraph 19 of the Complaint alleges any facts, Defendant lacks sufficient
6 | information to admit or deny the allegations in paragraph 19 of the Complaint, and on that basis,
7 | denies the allegations contained therein.
8 | **SECOND CLAIM FOR RELIEF**
9 |     20.    In response to the allegations contained in paragraph 20, Defendant hereby
10 | sets forth and incorporates by this reference his prior responses to the allegations contained in
11 | paragraphs 1 through 19, inclusive, as fully set forth herein-above.
12 |     21.    Defendant denies the allegations in paragraph 21 of the Complaint.
13 |     22.    Paragraph 22 of the Complaint consists of a legal conclusion and avers no facts.
14 | To the extent paragraph 22 of the Complaint alleges any facts, Defendant lacks sufficient
15 | information to admit or deny the allegations in paragraph 22 of the Complaint, and on that basis,
16 | denies the allegations contained therein.
17 | **THIRD CLAIM FOR RELIEF**
18 |     23.    In response to the allegations contained in paragraph 23, Defendant hereby
19 | sets forth and incorporates by this reference his prior responses to the allegations contained in
20 | paragraphs 1 through 22, inclusive, as fully set forth herein-above.
21 |     24.    Defendant denies the allegations in paragraph 24 of the Complaint.
22 |     25.    Paragraph 25 of the Complaint consists of a legal conclusion and avers no facts.
23 | To the extent paragraph 25 of the Complaint alleges any facts, Defendant lacks sufficient
24 | information to admit or deny the allegations in paragraph 25 of the Complaint, and on that basis,
25 | denies the allegations contained therein.
26 | **FOURTH CLAIM FOR RELIEF**
27 |     26.    In response to the allegations contained in paragraph 26, Defendant hereby
28 |

1 | sets forth and incorporates by this reference his prior responses to the allegations contained in
2 | paragraphs 1 through 25, inclusive, as fully set forth herein-above.

3 |     27.    Defendant denies the allegations in paragraph 27 of the Complaint.

4 |     28.    Paragraph 28 of the Complaint consists of a legal conclusion and avers no facts.
5 | To the extent paragraph 28 of the Complaint alleges any facts, Defendant lacks sufficient
6 | information to admit or deny the allegations in paragraph 28 of the Complaint, and on that basis,
7 | denies the allegations contained therein.

## FIFTH CLAIM FOR RELIEF

9 |     29.    In response to the allegations contained in paragraph 29, Defendant hereby
10 | sets forth and incorporates by this reference his prior responses to the allegations contained in
11 | paragraphs 1 through 28, inclusive, as fully set forth herein-above.

12 |     30.    Defendant lacks sufficient information to admit or deny the allegations in
13 | paragraph 30 of the Complaint with respect to the term "special relationship," and, on that basis,
14 | denies the allegations contained therein.

15 |     31.    Defendant denies the allegations in paragraph 31 of the Complaint.
16 |     32.    Defendant denies the allegations in paragraph 32 of the Complaint.
17 |     33.    Defendant denies the allegations in paragraph 33 of the Complaint.
18 |     34.    Defendant denies the allegations in paragraph 34 of the Complaint.

## SIXTH CLAIM FOR RELIEF

20 |     35.    In response to the allegations contained in paragraph 35, Defendant hereby
21 | sets forth and incorporates by this reference his prior responses to the allegations contained in
22 | paragraphs 1 through 34, inclusive, as fully set forth herein-above.

23 |     36.    Defendant lacks sufficient information to admit or deny the allegations in
24 | paragraph 36 of the Complaint with respect to the term "duty of care," and, on that basis, denies
25 | the allegations in paragraph 36 of the Complaint.

26 |     37.    Defendant denies the allegations in paragraph 37 of the Complaint.
27 |     38.    Defendant denies the allegations in paragraph 38 of the Complaint.

**PRAYER FOR RELIEF**

Paragraphs a-d of the Complaint consist of legal conclusions and aver no facts. To the extent paragraphs a-d of the Complaint allege any facts, Defendant lacks sufficient information to admit or deny the allegations in paragraphs a-d of the Complaint, and on that basis, denies the allegations contained therein.

**AFFIRMATIVE DEFENSES**

As separate and additional defenses, Defendant alleges as follows.[1]

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

Plaintiff's alleged causes of action, and each of them, fail to state a claim or cause of action upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

The Complaint, and each and every cause of action contained therein, is barred by the applicable statute of limitations as they may apply.

**THIRD AFFIRMATIVE DEFENSE**

**(*In Pari Delicto*)**

Plaintiff's claims, as alleged herein, are all barred because Plaintiff, acting on behalf of the Estate, is presently standing in the shoes of Debtor and the Debtor has engaged in acts and courses of conduct which rendered it *in pari delicto* with Defendant.

**FOURTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

The loss or damages, if any, sustained by Plaintiff herein are barred as a result of the Debtor's unclean hands.

///

---

[1] By alleging the matters set forth in his affirmative defenses, Defendant does not thereby allege or admit that he has the burden of proof and/or burden of persuasion with respect to any of these matters. Moreover, no incidental or implied admissions are intended by these affirmative defenses and none should be made.

6

### FIFTH AFFIRMATIVE DEFENSE

**(Setoff)**

Defendant has certain claims, including but not limited to, claims against the Debtor for unpaid royalties, unpaid services, advances to the Debtor, for unreturned artwork used to decorate various Debtor's restaurants, and other claims. Therefore, Defendant is entitled to setoff any amount allegedly owed to the Debtor by these claims.

### SIXTH AFFIRMATIVE DEFENSE

**(Failure to Mitigate)**

Plaintiff's claims, as alleged herein, are all barred as a result of Debtor's failure to mitigate.

### SEVENTH AFFIRMATIVE DEFENSE

**(Estoppel)**

By virtue of Debtor's conduct both before and after its alleged discovery of the acts underlying the Complaint, including, without limitation, ratification of the transactions which are the subject of the Complaint by the Debtor's independent directors, Plaintiff is estopped from asserting any claims against Defendant.

### EIGHTH AFFIRMATIVE DEFENSE

**(Waiver)**

Plaintiff, through Debtor's actions, conduct and words has waived any claims against Defendant.

### NINTH AFFIRMATIVE DEFENSE

**(Laches)**

The loss or damages, if any, sustained by Plaintiff herein are barred by the doctrine of laches.

### TENTH AFFIRMATIVE DEFENSE

**(No Damages)**

Plaintiff has not suffered any damages as alleged in its Complaint.

///

## ELEVENTH AFFIRMATIVE DEFENSE

### (Uncertainty)

The Complaint and each alleged claim asserted therein is uncertain.

## TWELFTH AFFIRMATIVE DEFENSE

### (Adequate Legal Remedy)

Plaintiff has a plain, common, adequate and speedy remedy at law, as alleged in the Complaint. Any and all equitable causes of action alleged therein are barred.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Due to the Debtor's conduct, Plaintiff is barred from any recovery under the doctrine of unjust enrichment.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

The alleged transfers set forth in the Complaint are not voidable against Defendant because these transfers (as that term is defined in the Complaint) were made in good faith and for reasonably equivalent value.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Lack of Insolvency)

At all times relevant to the matters alleged in the Complaint, the Debtor was solvent, and was not rendered insolvent by virtue of any of the transfers identified in the Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Lack of Insolvency)

At the time of the transfers described in the Complaint, Defendant neither intended, nor reasonably could have believed, that the Debtor was incurring debts beyond the Debtor's ability to repay as they came due.

///

///

///

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure To Plead Impaired Financial Ability)

The Complaint does not plead any facts in support of the assertions therein that: (a) the Debtor was engaged or was about to engage in a business or transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction; or that (b) the Debtor intended to incur, or the Debtor believed that it would incur, debts beyond the Debtor's ability to pay as they became due.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Failure To Plead Fraud With Specificity)

The Complaint fails to plead fraud with specificity as required by California and Federal law.

## NINTEENTH AFFIRMATIVE DEFENSE

### (No Breach Of Fiduciary Duty)

Defendant has not breached his fiduciary duty to the Debtor.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Comparative Negligence)

Defendant alleges that the Debtor was negligent, and otherwise at fault, with regard to the events alleged in the Complaint - and such negligence and fault is the proximate cause of any liabilities or damages Plaintiff is asserting in its Complaint, which liability is expressly denied. Accordingly, Plaintiff's recovery, if any, should be precluded or reduced in proportion to the Debtor's negligence and fault.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Indemnity)

Defendant is not legally responsible in any fashion with respect to the damages claimed by Plaintiff. However, in the event Defendant is held liable to Plaintiff, which liability is expressly denied, and any co-defendants are likewise held liable, Defendant is entitled to a percentage contribution of the total liability from said co-defendants in accordance with the principles of express indemnity.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Secondary Liability)

In the event Defendant is held liable to Plaintiff, which liability is expressly denied, then the liability of Defendant would be passive, imputed or secondary, while other defendants or third parties would be actively or primarily liable for Plaintiff's alleged injuries and damages.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Limitation on Recovery)

Any judgment is limited to the actual value of any asset transferred at the time such asset was transferred as provided in California Civil Code § 3439.08(b).

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Lien by Good Faith Transferee)

Each claim for relief is barred and/or must be reduced based on 11 U.S.C. § 550(e) and California Civil Code § 3439.08(d).

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Lack of actual intent)

Defendant lacked actual fraudulent intent to hinder, delay or defraud any of the Debtor's creditors.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Reservation of Defenses)

Defendant's discovery and investigation is ongoing and Defendant reserves the right to assert additional affirmative defenses and counterclaims and to supplement, alter or change his response upon revelation of more definitive facts and upon the undertaking of discovery and further investigation in this matter.

## DEMAND FOR JURY TRIAL

Defendant hereby exercises his rights and demands a jury trial with respect to the matters contained in the Complaint.

///
///

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays as follows:

1. That Plaintiff take nothing by way of its Complaint and that said Complaint be dismissed with prejudice;

2. That Defendant be awarded judgment in his favor against Plaintiff;

3. For attorneys' fees and costs of suit incurred herein; and

4. For such other and further relief as the Court deems just and proper.

Dated: June 2, 2008

WOLFGANG PUCK

By: _____
DAVID L. NEALE
MICHELLE S. GRIMBERG
LEVENE, NEALE, BENDER, RANKIN
& BRILL L.L.P.

## PROOF OF SERVICE
## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am an employee in the County of Los Angeles, State of California. I am over the age of 18 and am not a party to the within action; my business address is: 10250 Constellation Blvd., Suite 1700, Los Angeles, California 90067.

On June 2, 2008 I served the document(s) described as:

**WOLFGANG PUCK'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**

On the interested parties in this action by placing a true copy(ies) thereof, enclosed in sealed envelopes, with first class postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as follows:

**SEE ATTACHED SERVICE LIST**

___X___ (By Mail) I caused such envelope with postage thereon, fully prepaid to be placed in the United States mail. Executed on June 2, 2008, at Los Angeles, California.

_____ (By Facsimile) I caused said document to be sent via facsimile to the offices of the addressee so designated on the attached list. Executed on _____ __, 2008, at Los Angeles, California.

_____ (By E-mail) I caused said document to be sent via email to the office(s) of the addressee(s) so designated on the attached list. Executed on _____ __, 2008, at Los Angeles, California.

_____ (By Federal Express/Overnight Mail) I caused such envelope to be delivered by Federal Express (or Express Mail), next business day delivery to the offices of the addressees. Executed on _____ __, 2008, at Los Angeles, California.

_____(State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

___X___ (Federal) I declare that I am an employee in the offices of a member of the State Bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Angela Antonio

Committee v. Wolfgang Puck

| | | |
|---|---|---|
| U.S. Trustee<br>Ernst & Young Plaza<br>725 S. Figueroa Street, 26th Floor<br>Los Angeles, CA 90017 | <u>Counsel to Debtor</u><br>David Gould, Esq.<br>Law Offices of David Gould<br>23801 Calabasas Road, Suite 2032<br>Calabasas, CA 91302 | <u>Counsel to Creditors Committee</u><br>Steven T. Gubner, Esq.<br>Richard D. Burstein, Esq.<br>Ezra, Brutzkus, Gubner LLP<br>21650 Oxnard Street, Suite 500<br>Woodland Hills, CA 91367 |
| <u>Counsel for Wolfgang Puck Worldwide, Inc.</u><br>Philip Heller, Esq.<br>Fagelbaum & Heller LLP<br>2049 Century Park East #4250<br>Los Angeles, CA 90067 | <u>Counsel for Robert Frederick Kautz, Jr.</u><br>Philip Heller, Esq.<br>Fagelbaum & Heller LLP<br>2049 Century Park East #4250<br>Los Angeles, CA 90067 | <u>Counsel to Donald Karas</u><br>Philip Heller, Esq.<br>Fagelbaum & Heller LLP<br>2049 Century Park East #4250<br>Los Angeles, CA 90067 |
| <u>Counsel to David Sculley</u><br>Philip Heller, Esq.<br>Fagelbaum & Heller LLP<br>2049 Century Park East #4250<br>Los Angeles, CA 90067 | Judy Lawrie<br>63 Fairview Road<br>Weston, MA  02493-2023 | |