Philip Heller, PLC (State Bar No. 113938)
Jerold Fagelbaum Esq. (State Bar No. 92584)
**FAGELBAUM & HELLER LLP**
2049 Century Park East, Suite 4250
Los Angeles, California 90067-3254
Phone: (310) 286-7666 / Fax: (310) 286-7086

Attorneys for Robert Kautz, Judy Lawrie, Donald Karas
and David Sculley

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>FLORICA, INC. fka Wolfgang Puck Casual Dining Inc. fka Wolfgang Puck Food Company, Inc.,<br><br>    Debtor.<br><br>THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS<br><br>    Plaintiff,<br><br>v.<br><br>WOLFGANG PUCK, an individual, WOLFGANG PUCK WORLDWIDE, INC., a Delaware corporation, ROBERT FREDERICK KAUTZ, JR., an individual, JUDY LAWRIE, an individual, DONALD KARAS, an individual, DAVID SCULLEY, an individual<br><br>    Defendants. | Case No. 2:06-bk-13630-RN<br><br>Chapter 11<br><br>**Adv. Case No. 2:08-ap-01439**<br><br>**ANSWER OF ROBERT KAUTZ, JUDY LAWRIE, DONALD KARAS AND DAVID SCULLEY** |

Defendants Robert Kautz ("Kautz"), Judy Lawrie ("Lawrie"), Donald Karas ("Karas") and David Sculley ("Sculley") respond to the Complaint filed by the Official Committee of Unsecured Creditors (the "Committee") acting on behalf of the estate of Florica, Inc., the Debtor and the Debtor-in-possession ("Debtor") as follows:

# I.

# ANSWER

1. Kautz, Lawrie, Karas and Sculley lack sufficient knowledge or information to form a belief as to the truth of the matters set forth in ¶1 of the Complaint and on that basis, deny these allegations.

2. Kautz, Lawrie, Karas and Sculley admit that the Debtor filed a voluntary petition under Title 11 of the United States Code on or about August 4, 2006. Kautz, Lawrie, Karas and Sculley lack sufficient knowledge or information to form a belief as to the truth of the other matters set forth in ¶2 of the Complaint and on that basis, deny these allegations.

3. Kautz, Lawrie, Karas and Sculley lack sufficient knowledge or information to form a belief as to the truth of the matters set forth in ¶3 of the Complaint and on that basis, deny these allegations. Kautz, Lawrie, Karas and Sculley deny that the Debtor has initiated the Complaint for any proper purpose.

4. Kautz, Lawrie, Karas and Sculley admit that Wolfgang Puck was a shareholder and a member of the Debtor's Board of Directors. Kautz, Lawrie, Karas and Sculley lack sufficient knowledge or information to form a belief as to the truth of the other matters set forth in ¶4 of the Complaint and on that basis, deny these allegations.

5. Kautz, Lawrie, Karas and Sculley admit that WPW was incorporated in Delaware and is authorized to do business in the State of California. Kautz, Lawrie, Karas and Sculley deny each and every allegation set forth in ¶5 of the Complaint.

6. Kautz, Lawrie, Karas and Sculley admit that they were directors of the Debtors.

    A.    Lawrie, and Karas lack sufficient knowledge or information to form a belief as to the truth of the matters set forth in ¶6 of the Complaint and on that basis, deny these allegations.

    B.    Kautz admits that his family business owns shares of Wolfgang Puck Worldwide, Inc. ("WPW"), and that he was an officer of WPW. Kautz lacks sufficient knowledge or information to form a belief as to the truth of the other matters set forth in ¶6 of the Complaint and on that basis, deny these allegations.

    C.    Sculley admits that he was a director of WPW. Sculley lacks sufficient knowledge or information to form a belief as to the truth of the other matters set forth in ¶6 of the Complaint and on that basis, deny these allegations.

7.    Kautz, Lawrie, Karas and Sculley admit that the United States Trustee for the Central District of California appointed the Official Committee of Unsecured Creditors on September 1, 2006, to act on behalf of the Bankruptcy Estate of Florica, Inc. in this bankruptcy case. Kautz, Lawrie, Karas and Sculley admit that on or about April 28, 2008, the Court issued an Order authorizing the Committee to commence this Adversary Proceeding on behalf of the Estate. Kautz, Lawrie, Karas and Sculley lack sufficient knowledge or information to form a belief as to the truth of the other matters set forth in ¶7 of the Complaint and on that basis, deny and on that basis, deny these allegations.

8.    Kautz, Lawrie, Karas and Sculley admit that for some period of time, Kautz was employed by the Debtor. Kautz, Lawrie, Karas and Sculley lack sufficient knowledge or information to form a belief as to the truth of the other matters set forth in ¶8 of the Complaint and on that basis, deny these allegations.

9.    Kautz, Lawrie, Karas and Sculley deny each and every allegation set forth in ¶9 of the Complaint.

1    10.    Kautz, Lawrie, Karas and Sculley admit that WPW was created on or about May 26, 2000 and Kautz, Lawrie, Karas and Sculley admit that Kautz was a shareholder, director and CEO of WPW as set forth in ¶ 10 of the Complaint.

11.    Kautz, Lawrie, Karas and Sculley admit that Debtor transferred to WPW the Wolfgang Puck Express restaurants and concept to WPW.

    A.    Kautz, Lawrie, Karas and Sculley deny that Debtor received less than reasonable equivalent value for the assets which WPW received from Debtor.

    B.    Kautz, Lawrie, Karas and Sculley lack sufficient knowledge or information to form a belief as to the truth of the other matters set forth in ¶11 of the Complaint and on that basis, deny these allegations.

12.    Kautz, Lawrie, Karas and Sculley admit that Debtor transferred to the Levy Restaurant Group its Grand Café in Orlando, Florida.

    A.    Kautz, Lawrie, Karas and Sculley deny that Debtor received less than reasonable equivalent value in exchange for any transfer of its rights to WPW.

    B.    Kautz, Lawrie, Karas and Sculley lack sufficient knowledge or information to form a belief as to the truth of the other matters set forth in ¶12 of the Complaint and on that basis, deny these allegations.

13.    Kautz, Lawrie, Karas and Sculley lack sufficient knowledge or information to form a belief as to the truth of the other matters set forth in ¶13 of the Complaint and on that basis, deny these allegations.

14.    Kautz, Lawrie, Karas and Sculley deny each and every allegation set forth in ¶14 of the Complaint.

15.    Kautz, Lawrie, Karas and Sculley admit that they authorized and approved the transfers of the Express Restaurants, the concept, the Café in Orlando, Florida, and

other trademarks. Kautz, Lawrie, Karas and Sculley deny each and every other allegation set forth in ¶15 of the Complaint and on that basis, deny these allegations.

16. Kautz, Lawrie, Karas and Sculley lack sufficient knowledge or information to form a belief as to the truth of the other matters set forth in ¶16 of the Complaint and on that basis, deny these allegations.

**FIRST CLAIM FOR RELIEF**
**(For Avoidance of Fraudulent Transfer,**
**Actual Intent Against Puck and WPW)**

17. As to the allegations set forth in ¶ 17 of the Complaint, Defendants repeat and incorporate by reference herein their responsive allegations to paragraphs numbered 1 through 16, inclusive, herein.

18. Kautz, Lawrie, Karas and Sculley deny each and every allegation set forth in ¶18 of the Complaint and on that basis, deny these allegations.

19. Kautz, Lawrie, Karas and Sculley deny each and every allegation set forth in ¶19 of the Complaint.

**SECOND CLAIM FOR RELIEF**
**(For Avoidance of Fraudulent Transfer,**
**Constructive Intent Against Puck and WPW)**

20. As to the allegations set forth in ¶ 20 of the Complaint, Defendants repeat and incorporate by reference herein their responsive allegations to paragraphs numbered 1 through 16, inclusive, herein

21. Kautz, Lawrie, Karas and Sculley deny each and every allegation set forth in ¶21 of the Complaint.

22. Kautz, Lawrie, Karas and Sculley deny each and every allegation set forth in ¶22 of the Complaint.

///
///
///

### THIRD CLAIM FOR RELIEF
### (For Avoidance of Fraudulent Transfer,
### Constructive Intent Against Puck and WPW)

23. As to the allegations set forth in ¶ 23 of the Complaint, Defendants repeat and incorporate by reference herein their responsive allegations to paragraphs numbered 1 through 16, inclusive, herein

24. Kautz, Lawrie, Karas and Sculley deny each and every allegation set forth in ¶24 of the Complaint.

25. Kautz, Lawrie, Karas and Sculley deny each and every allegation set forth in ¶25 of the Complaint.

### FOURTH CLAIM FOR RELIEF
### (For Avoidance of Fraudulent Transfer,
### Constructive Intent Against Puck and WPW)

26. As to the allegations set forth in ¶ 26 of the Complaint, Defendants repeat and incorporate by reference herein their responsive allegations to paragraphs numbered 1 through 16, inclusive, herein

27. Kautz, Lawrie, Karas and Sculley deny each and every allegation set forth in ¶27 of the Complaint.

28. Kautz, Lawrie, Karas and Sculley deny each and every allegation set forth in ¶28 of the Complaint.

### FIFTH CLAIM FOR RELIEF
### (Breach of Fiduciary Duty Against Puck,
### Kautz, Lawrie, Karas and Sculley)

29. As to the allegations set forth in ¶ 29 of the Complaint, Defendants repeat and incorporate by reference herein their responsive allegations to paragraphs numbered 1 through 16, inclusive, herein

30. Kautz, Lawrie, Karas and Sculley admit that as directors, they owed a duty of care to debtor during the period of the time in which they each served as directors.

Kautz, Lawrie, Karas and Sculley deny each and every other allegation set forth in ¶30 of the Complaint.

31. Kautz, Lawrie, Karas and Sculley deny each and every allegation set forth in ¶31 of the Complaint.

32. Kautz, Lawrie, Karas and Sculley deny each and every allegation set forth in ¶32 of the Complaint.

33. Kautz, Lawrie, Karas and Sculley deny each and every allegation set forth in ¶33 of the Complaint.

34. Kautz, Lawrie, Karas and Sculley deny each and every allegation set forth in ¶34 of the Complaint.

### SIXTH CLAIM FOR RELIEF
### (Negligence Against Puck, Kautz, Lawrie, Karas And Sculley)

35. As to the allegations set forth in ¶ 35 of the Complaint, Defendants repeat and incorporate by reference herein their responsive allegations to paragraphs numbered 1 through 16, inclusive, herein

36. Kautz, Lawrie, Karas and Sculley deny each and every other allegation set forth in ¶36 of the Complaint.

37. Kautz, Lawrie, Karas and Sculley deny each and every allegation set forth in ¶37 of the Complaint.

38. Kautz, Lawrie, Karas and Sculley deny each and every allegation set forth in ¶38 of the Complaint.

### II.
### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

39. The Fifth and Sixth Causes of Action to set forth in the Complaint fail to state facts sufficient to constitute causes of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Standing)

40. The Committee does not have standing to pursue the Fifth and Sixth Causes of Action alleged in the Complaint.

## THIRD AFFIRMATIVE DEFENSE
### (No Breach of Fiduciary Duty)

41. None of the named directors, Kautz, Lawrie, Karas or Sculley, breached any fiduciary duty owed to Debtor. All decisions made and action taken by Kautz, Lawrie, Karas and Sculley fell within the reasonable business judgment of those directors, and were taken in good faith.

## FOURTH AFFIRMATIVE DEFENSE
### (No Damage)

42. If the named directors, Kautz, Lawrie, Karas and Sculley, had breached a fiduciary duty owed to the Debtor, no loss to the Debtor was caused by such an alleged breach.

## FIFTH AFFIRMATIVE DEFENSE
### (Statutes of Limitation)

43. The Fifth and Sixth Causes of Action set forth in the Complaint are each barred by the applicable Federal and California State statutes of limitation.

## SIXTH AFFIRMATIVE DEFENSE
### (Laches)

44. The Fifth and Sixth Causes of Action set forth in the Complaint are barred, or limited, in whole or in part, by the equitable doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

45. The Fifth and Sixth Causes of Action set forth in the Complaint are barred, or limited, in whole or in part, by the equitable doctrine of unclean hands.

W:\36191\003\ADVERSARY CASE\Rev Ans Dir .wpd

## EIGHTH AFFIRMATIVE DEFENSE
### (Estoppel)

46. The Fifth and Sixth Causes of Action set forth in the Complaint are barred, or limited, in whole or in part, by the equitable doctrine of estoppel.

## NINTH AFFIRMATIVE DEFENSE
### (Waiver)

47. The Fifth and Sixth Causes of Action set forth in the Complaint are barred, or limited, in whole or in part, by the equitable doctrine of waiver.

## TENTH AFFIRMATIVE DEFENSE
### (Indispensable Parties)

48. The relief which the Committee and Debtor seek in the Complaint cannot be granted because all parties essential to the resolution of the underlying dispute have not been brought before this Court.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

49. The Committee and Debtor are not entitled to the relief sought in the Complaint because they have failed to mitigate their alleged damages, if any; and therefore, any damages which are proven for the Debtor must be reduced by the amount of damages which could have been avoided or diminished had the Debtor acted promptly to mitigate any harm which it purportedly suffered, and thereby to mitigate it damages.

## TWELFTH AFFIRMATIVE DEFENSE
### (Comparative Fault)

50. The Committee and Debtor are not entitled to the relief sought in the Complaint because the alleged injuries to the Debtor were caused either entirely, or in part, by the negligence or intentional acts of the Debtor itself, and/or third parties which are not before this Court; therefore, any damages which are proven as having been

sustained by the Debtor must be reduced by that portion of damages attributable to the actions of the Debtor itself, and/or third parties.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Causation)

51. The Committee and Debtor are not entitled to the relief sought in the Complaint because any injuries which are proven to have been suffered by the Debtor were caused by the actions and/or omissions of the Debtor itself, and/or the actions and/or omissions of third parties which are not before this Court.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Consent)

52. The Fifth and Sixth Causes of Action set forth in the Complaint are barred, or limited, in whole or in part, by the Debtor's and/or the Unsecured Creditors' express or implied consent to the conduct alleged in the Complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Indemnification)

53. Defendants Kautz, Lawrie, Karas and Sculley are not legally responsible for any of the damages alleged to have been suffered by the Committee and Debtor. However, in the event that any of these Defendants is found to be liable to the Committee and/or Debtor, such Defendant is entitled to receive a contribution on a percentage basis from any other co-Defendants found to be liable in accordance with the principles of express indemnification.

///
///
///
///
///
///

...

      **WHEREFORE**, WPW prays for relief as follows:

1) That the Committee take nothing by reason of its Complaint and that the Court enters judgment in favor of Defendants and dismiss the Complaint;

2) That WPW be awarded its reasonable attorney's fees and costs of suit incurred in the defense of this Complaint; and

3) For such other relief as the Court deems reasonable, just and proper.

Dated: June 2, 2008        **FAGELBAUM & HELLER LLP**

By: _/s/ Philip Heller_
Philip Heller, PLC
Attorneys for Defendants Robert Kautz, Judy Lawrie, Donald Karas and David Sculley

W:\36191\003\ADVERSARY CASE\Rev Ans Dir .wpd

# PROOF OF SERVICE

UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA

(LOS ANGELES DIVISION)

Florica, Inc., Ch. 11 Case No. 2:06-13630-RN

Adv. Case No. 2:08-ap-1439RN

STATE OF CALIFORNIA       )
                          ) ss
COUNTY OF LOS ANGELES     )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 2049 Century Park East, Suite 4250, Los Angeles, California 90067.

On June 2, 2008, I served the foregoing document described as:

**ANSWER OF ROBERT KAUTZ, JUDY LAWRIE, DONALD KARAS AND DAVID SCULLEY**

by placing a copy thereof enclosed in sealed envelopes addressed as follows:

*[See Attached Service List]*

[ X ] **BY U.S. MAIL** - I deposited such envelope(s) in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid as follows: I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under the practice it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary cause of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **BY FEDERAL EXPRESS** - I deposited such envelope in the drop box at Los Angeles, California. I am readily familiar with this firm's practice of collection and processing correspondence for Federal Express. Under the practice it would be deposited in the Federal Express drop-box for pickup on the same day at Los Angeles, California in the ordinary cause of business.

[ ] **BY FACSIMILE** – I caused such a document to be sent via facsimile to the appropriate facsimile number(s) for the addressee(s) below, at or about 3:30 p.m. from (310) 286-7086, and received confirmation that the fax transmission was successfully completed.

[ ] **BY PERSONAL SERVICE** - I caused such an envelope to be hand delivered to the office of the addressee.

[ ] **[State]**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X] **[Federal]** I declare that I am in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 2, 2008, at Los Angeles, California.

Zorina Shah-Sohl

# SERVICE LIST

UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA

(LOS ANGELES DIVISION)

Florica, Inc., Ch. 11 Case No. 2:06-13630-RN

<u>United States Trustee</u>

Assistant United States Trustee
Office of the U.S. Trustee
725 S. Figueroa Street, 26th Floor
Los Angeles, California 90017

<u>Attorneys for Wolfgang Puck</u>

David L. Neale, Esq.
**Leven, Neale, Bender, Rankin & Brill**
10250 Constellation Blvd., Suite 1700
Los Angeles, California 90067
Phone: (310) 229-1234
Fax:   (310) 229-1244

<u>Attorney for Debtor</u>

David Gould, Esq.
A Professional Corporation
23801 Calabasas Rd. Suite 2032
Calabasas, CA 91302
Phone: (818) 222-8092
Fax: (818) 449-4803

<u>Attorney for the Official Committee of
the Unsecured Creditors</u>

Steven T. Gubner, Esq.
Richard D. Burstein, Esq.
**Ezra Brutzkus Gubner LLP**
21650 Oxnard Street, Suite 500
Woodland Hills, California 91367
Phone: (818) 827-9000
Fax:   (818)827-9099