1  Philip Heller, PLC (State Bar No. 113938)
2  Jerrold Fagelbaum Esq. (State Bar No. 92584)
   **FAGELBAUM & HELLER LLP**
3  2049 Century Park East, Suite 4250
4  Los Angeles, California 90067-3254
5  Phone: (310) 286-7666 / Fax: (310) 286-7086

6  Attorneys for Wolfgang Puck Worldwide, Inc.,

7
               UNITED STATES BANKRUPTCY COURT
8
               CENTRAL DISTRICT OF CALIFORNIA
9

10 | In re                                        ) Case No. 2:06-bk-13630-RN
11 | FLORICA, INC. fka Wolfgang Puck              )
   | Casual Dining Inc. Fka Wolfgang Puck         ) Chapter 11
12 | Food Company, Inc.,                          )
13 |                                              ) **Adv. Case No. 2:08-ap-01439**
14 |     Debtor.                                  )
   |                                              ) **ANSWER OF WOLFGANG PUCK**
15 |_____) **WORLDWIDE, INC.**
   |                                              )
16 | THE OFFICIAL COMMITTEE OF                    )
   | UNSECURED CREDITORS                          )
17 |                                              )
18 |     Plaintiff,                               )
   | v.                                           )
19 |                                              )
20 | WOLFGANG PUCK, an individual,                )
   | WOLFGANG PUCK WORLDWIDE,                     )
21 | INC., a                                      )
22 | Delaware corporation, ROBERT                 )
   | FREDERICK KAUTZ, JR., an individual,         )
23 | JUDY LAWRIE, an individual, DONALD           )
24 | KARAS, an individual, DAVID                  )
25 | SCULLEY, an individual                       )
   |                                              )
26 |     Defendants.                              )
27 |_____)

28

Defendant Wolfgang Puck Worldwide, Inc. ("WPW") responds to the Complaint filed by the Official Committee of Unsecured Creditors (the "Committee") acting on behalf of the estate of Florica, Inc., the Debtor and the Debtor-in-possession ("Debtor") as follows:

## I.

## ANSWER

1. WPW lacks sufficient knowledge or information to form a belief as to the truth of the matters set forth in ¶1 of the Complaint and on that basis, denies these allegations.

2. WPW admits that the Debtor filed a voluntary petition under Title 11 of the United States Code on or about August 4, 2006. WPW lacks sufficient knowledge or information to form a belief as to the truth of the other matters set forth in ¶2 of the Complaint and on that basis, denies these allegations.

3. WPW lacks sufficient knowledge or information to form a belief as to the truth of the other matters set forth in ¶3 of the Complaint and on that basis, denies these allegations. WPW denies that the Debtor has initiated the Complaint for any proper purpose.

4. WPW lacks sufficient knowledge or information to form a belief as to the truth of the other matters set forth in ¶4 of the Complaint and on that basis, denies these allegations.

5. WPW admits that it was incorporated in Delaware and is authorized to do business in the State of California. WPW denies each and every other remaining allegation set forth in ¶5 of the Complaint.

6. WPW admits that Kautz, Lawrie, Karas and Sculley were directors of Debtor.

    A. WPW admits that Kautz was an officer of Debtor and WPW.

    B. WPW admits that Kautz's family business was a WPW shareholder.

    C. WPW admits that Sculley was a director of Debtor and WPW.

W:\36191\003\ADVERSARY CASE\Rev Ans WPW.wpd

D.    WPW denies each and every other allegation set forth in ¶6 of the Complaint.

7.    WPW admits that the United States Trustee for the Central District of California appointed the Official Committee of Unsecured Creditors on September 1, 2006 to act on behalf of the Bankruptcy Estate of Florica, Inc. in this bankruptcy case. WPW admits that on or about April 28, 2008, the Court issued an Order authorizing the Committee to commence this Adversary Proceeding on behalf of the Estate. WPW lacks sufficient knowledge or information to form a belief as to the truth of the other matters set forth in ¶7 of the Complaint and on that basis, denies these allegations.

8.    WPW admits that the Debtor hired Kautz. WPW lacks sufficient knowledge or information to form a belief as to the truth of the other matters set forth in ¶8 of the Complaint and on that basis, denies these allegations.

9.    WPW denies each and every allegation set forth in ¶9 of the Complaint.

10.    WPW admits as to the allegations set forth in ¶ 10 of the Complaint, that it was created on or about May 26, 2000; that Robert Kautz was its first Chief Executive Officer; that Kautz is a WPW shareholder; and that Kautz is a former WPW director.

11.    WPW admits that Debtor transferred to WPW the Wolfgang Puck Express restaurants and concept to WPW. WPW denies that Debtor received less than reasonable equivalent value for any of the assets which WPW received from Debtor.

12.    WPW admits that Debtor transferred to the Levy Restaurant Group its Grand Café in Orlando, Florida. WPW denies that Debtor received less than reasonable equivalent value in exchange for any transfer of its rights to WPW. WPW lacks sufficient knowledge or information to form a belief as to the truth of the other matters set forth in ¶12 of the Complaint and on that basis, denies these allegations.

13.    WPW lacks sufficient knowledge or information to form a belief as to the truth of the other matters set forth in ¶13 of the Complaint and on that basis, denies these allegations.

14.    WPW denies each and every allegation set forth in ¶14 of the Complaint.

15. WPW lacks sufficient knowledge or information to form a belief as to the truth of the other matters set forth in ¶15 of the Complaint and on that basis, denies these allegations.

16. WPW lacks sufficient knowledge or information to form a belief as to the truth of the other matters set forth in ¶16 of the Complaint and on that basis, denies these allegations.

## FIRST CLAIM FOR RELIEF
### (For Avoidance of Fraudulent Transfer, Actual Intent Against Puck and WPW)

17. As to the allegations set forth in ¶ 17 of the Complaint, WPW repeats and incorporates by reference herein its responsive allegations to paragraphs numbered 1 through 16, inclusive, herein.

18. WPW denies each and every allegation set forth in ¶18 of the Complaint.

19. WPW denies each and every allegation set forth in ¶19 of the Complaint.

## SECOND CLAIM FOR RELIEF
### (For Avoidance of Fraudulent Transfer, Constructive Intent Against Puck and WPW)

20. As to the allegations set forth in ¶ 20 of the Complaint, WPW repeats and incorporates by reference herein its responsive allegations to paragraphs numbered 1 through 16, inclusive, herein

21. WPW denies that Debtor transferred anything to it for less than reasonable equivalent value. WPW lacks sufficient knowledge or information to form a belief as to the truth of the other matters set forth in ¶21 of the Complaint and on that basis, denies these allegations.

22. WPW denies each and every allegation set forth in ¶22 of the Complaint.

///

///

///

### THIRD CLAIM FOR RELIEF
### (For Avoidance of Fraudulent Transfer,
### Constructive Intent Against Puck and WPW)

23. As to the allegations set forth in ¶ 23 of the Complaint, WPW repeats and incorporates by reference herein its responsive allegations to paragraphs numbered 1 through 16, inclusive, herein

24. WPW denies that Debtor transferred anything to it for less than reasonable equivalent value. WPW lacks sufficient knowledge or information to form a belief as to the truth of the other matters set forth in ¶24 of the Complaint and on that basis, denies these allegations.

25. WPW denies each and every allegation set forth in ¶25 of the Complaint.

### FOURTH CLAIM FOR RELIEF
### (For Avoidance of Fraudulent Transfer,
### Constructive Intent Against Puck and WPW)

26. As to the allegations set forth in ¶ 26 of the Complaint, WPW repeats and incorporates by reference herein its responsive allegations to paragraphs numbered 1 through 16, inclusive, herein

27. WPW denies that Debtor transferred anything to it for less than reasonable equivalent value. WPW lacks sufficient knowledge or information to form a belief as to the truth of the other matters set forth in ¶27 of the Complaint and on that basis, denies these allegations.

28. WPW denies each and every allegation set forth in ¶28 of the Complaint.

### FIFTH CLAIM FOR RELIEF
### (Breach of Fiduciary Duty Against Puck,
### Kautz, Lawrie, Karas and Sculley)

29. As to the allegations set forth in ¶ 29 of the Complaint, WPW repeats and incorporates by reference herein its responsive allegations to paragraphs numbered 1 through 16, inclusive, herein

30. WPW lacks sufficient knowledge or information to form a belief as to the truth of the matters set forth in ¶30 of the Complaint and on that basis, denies these allegations.

31. WPW lacks sufficient knowledge or information to form a belief as to the truth of the matters set forth in ¶31 of the Complaint and on that basis, denies these allegations.

32. WPW lacks sufficient knowledge or information to form a belief as to the truth of the matters set forth in ¶32 of the Complaint and on that basis, denies these allegations.

33. WPW lacks sufficient knowledge or information to form a belief as to the truth of the matters set forth in ¶33 of the Complaint and on that basis, denies these allegations.

34. WPW lacks sufficient knowledge or information to form a belief as to the truth of the matters set forth in ¶34 of the Complaint and on that basis, denies these allegations.

**SIXTH CLAIM FOR RELIEF**
*(Negligence Against Puck, Kautz,
Lawrie, Karas And Sculley)*

35. As to the allegations set forth in ¶ 35 of the Complaint, WPW repeats and incorporates by reference herein its responsive allegations to paragraphs numbered 1 through 16, inclusive, herein

36. WPW lacks sufficient knowledge or information to form a belief as to the truth of the matters set forth in ¶36 of the Complaint and on that basis, denies these allegations.

37. WPW lacks sufficient knowledge or information to form a belief as to the truth of the matters set forth in ¶37 of the Complaint and on that basis, denies these allegations.

38. WPW lacks sufficient knowledge or information to form a belief as to the truth of the matters set forth in ¶38 of the Complaint and on that basis, denies these allegations.

## II.
## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

39. The First, Second, Third and Fourth Causes of Action to avoid fraudulent transfers set forth in the Complaint fail to state facts sufficient to constitute causes of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Standing)

40. The Committee does not have standing to pursue the First, Second, Third and Fourth Causes of Action alleged in the Complaint.

### THIRD AFFIRMATIVE DEFENSE
### (Statutes of Limitation)

41. The First, Second, Third and Fourth Causes of Action to avoid fraudulent transfers set forth in the Complaint are each barred by the applicable Federal and California State statutes of limitation.

### FOURTH AFFIRMATIVE DEFENSE
### (Laches)

42. The First, Second, Third and Fourth Causes of Action to avoid fraudulent transfers set forth in the Complaint are barred, or limited, in whole or in part, by the equitable doctrine of laches.

///

///

///

## FIFTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

43. The First, Second, Third and Fourth Causes of Action to avoid fraudulent transfers set forth in the Complaint are barred, or limited, in whole or in part, by the equitable doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE
### (Estoppel)

44. The First, Second, Third and Fourth Causes of Action to avoid fraudulent transfers set forth in the Complaint are barred, or limited, in whole or in part, by the equitable doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE
### (Waiver)

45. The First, Second, Third and Fourth Causes of Action to avoid fraudulent transfers set forth in the Complaint are barred, or limited, in whole or in part, by the equitable doctrine of waiver.

## EIGHTH AFFIRMATIVE DEFENSE
### (Indispensable Parties)

46. The relief which the Committee and Debtor seek in the Complaint cannot be granted because all parties essential to the resolution of the underlying dispute have not been brought before this Court.

## NINTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

47. The Committee and Debtor are not entitled to the relief sought in the Complaint because they have failed to mitigate their alleged damages, if any; and therefore, any damages which are proven for the Debtor must be reduced by the amount of damages which could have been avoided or diminished had the Debtor acted promptly to mitigate any harm which it purportedly suffered, and thereby to mitigate it damages.

## TENTH AFFIRMATIVE DEFENSE
### (Comparative Fault)

48. The Committee and Debtor are not entitled to the relief sought in the Complaint because the alleged injuries to the Debtor were caused either entirely, or in part, by the negligence or intentional acts of the Debtor itself, and/or third parties which are not before this Court; therefore, any damages which are proven as having been sustained by the Debtor must be reduced by that portion of damages attributable to the actions of the Debtor itself, and/or third parties.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Causation)

49. The Committee and Debtor are not entitled to the relief sought in the Complaint because any injuries which are proven to have been suffered by the Debtor were caused by the actions and/or omissions of the Debtor itself, and/or the actions and/or omissions of third parties which are not before this Court.

## TWELFTH AFFIRMATIVE DEFENSE
### (Offset)

50. The Committee and Debtor may not recover damages under the First, Second, Third and Fourth Causes of Action to avoid fraudulent transfers set forth in the Complaint under the equitable doctrine of offset, where WPW has a claim against Debtor which exceeds the amount of damages purportedly suffered by Debtor.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Consent)

51. The First, Second, Third and Fourth Causes of Action to avoid fraudulent transfers set forth in the Complaint are barred, or limited, in whole or in part, by the Debtor's and/or the Unsecured Creditors' express or implied consent to the conduct alleged in the Complaint.

///

///

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Failure to Identify Creditor)

52.  The Committee and Debtor failed to identify a specific creditor to support the Complaint's allegations under 11 U.S.C. §544(b).

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Debtor Must Commence a Second Adversary Proceeding)

53.  The Committee and Debtor have not asserted a claim for relief under 11 U.S.C. §550 regarding the Café located in Orlando, Florida.  To the extent that any transfer of that asset is avoidable, the Committee and Debtor must commence a further adversary proceeding in order to avoid such a transfer.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (No Damages)

54.  The Committee and Debtor have not suffered any damages as alleged in the Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Uncertainty)

55.  The Committee and Debtor have failed to identify each alleged specific transfer of assets or other action by WPW which forms the basis of its claims here, and therefore each claim is uncertain.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Adequate Legal Remedy)

56.  The Committee and Debtor have a plain, adequate and speedy remedy at law, for all alleged claims set forth in the Complaint. Any equitable cause of action, or equitable form of relief is therefore barred.

///

///

///

### NINETEENTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

57. The Committee and Debtor are barred from recovery under the doctrine of unjust enrichment.

### TWENTIETH AFFIRMATIVE DEFENSE
### (Good Faith)

58. Each alleged transfer identified in the Complaint is not voidable against WPW because each of these transfers was made in good faith and for reasonably equivalent value.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Lack of Insolvency)

59. At all times relevant to the matters alleged in the Complaint, the Debtor was solvent, and was not rendered insolvent due to any transfer identified in the Complaint.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Lack of Insolvency)

60. At all times relevant to the matters alleged in the Complaint, WPW neither intended, nor could have reasonable believed, that Debtor was incurring debts which the Debtor would be unable to repay as they became due.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Failure to Plead Facts Sufficient to
### Demonstrate Impaired Financial Ability)

61. The Committee and Debtor fail to plead facts to support the assertions of the Complaint that: (a) Debtor was engaged, or was about to engage, in a business or transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction; or (b) Debtor intended to incur, or believed that it would incur, debts beyond its ability to repay as they became due.

///

///

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Limitation on Recovery)

62. Any recovery by the Committee and Debtor is limited to the actual value of the specific alleged asset(s), at the time such asset(s) was/were transferred as provided in California Civil Code §3439.08(b).

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Lien by Good Faith Transferee)

63. Each claim for relief is barred an/or must be reduced based on 11 U.S.C. §550(e) and California Civil Code §3439.08(d).

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Failure to Plead Fraud With Specificity)

64. The Committee and Debtor have failed to plead fraud with that specificity required by Federal and California State law.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Lack of Intent)

65. WPW lacked actual fraudulent intent to hinder, delay or defraud any of the Debtor's creditors.

**WHEREFORE**, WPW prays for relief as follows:

1) That the Committee take nothing by reason of its Complaint and that the Court enters judgment in favor of WPW and dismiss the Complaint;
2) That WPW be awarded its reasonable attorney's fees and costs of suit incurred in the defense of this Complaint; and
3) For such other relief as the Court deems reasonable, just and proper

Dated: June 2, 2008        **FAGELBAUM & HELLER LLP**

By: _/s/ Philip Heller_
Philip Heller, PLC
Attorneys for Wolfgang Puck Worldwide, Inc

# PROOF OF SERVICE

UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA
(LOS ANGELES DIVISION)
Florica, Inc., Ch. 11 Case No. 2:06-13630-RN
Adv. Case No. 2:08-ap-1439RN

STATE OF CALIFORNIA        )
                           ) ss
COUNTY OF LOS ANGELES      )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 2049 Century Park East, Suite 4250, Los Angeles, California 90067.

On June 2, 2008, I served the foregoing document described as:

## ANSWER OF WOLFGANG PUCK WORLDWIDE, INC.

by placing a copy thereof enclosed in sealed envelopes addressed as follows:

*[See Attached Service List]*

[ X ] **BY U.S. MAIL** - I deposited such envelope(s) in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid as follows: I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under the practice it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary cause of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **BY FEDERAL EXPRESS** - I deposited such envelope in the drop box at Los Angeles, California. I am readily familiar with this firm's practice of collection and processing correspondence for Federal Express. Under the practice it would be deposited in the Federal Express drop-box for pickup on the same day at Los Angeles, California in the ordinary cause of business.

[ ] **BY FACSIMILE** – I caused such a document to be sent via facsimile to the appropriate facsimile number(s) for the addressee(s) below, at or about 3:30 p.m. from (310) 286-7086, and received confirmation that the fax transmission was successfully completed.

[ ] **BY PERSONAL SERVICE** - I caused such an envelope to be hand delivered to the office of the addressee.

[ ] **[State]** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ X ] **[Federal]** I declare that I am in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 2, 2008, at Los Angeles, California.

_____
Zorina Shah-Sohl

# SERVICE LIST

UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA

(LOS ANGELES DIVISION)

Florica, Inc., Ch. 11 Case No. 2:06-13630-RN

**United States Trustee**

Assistant United States Trustee
Office of the U.S. Trustee
725 S. Figueroa Street, 26th Floor
Los Angeles, California 90017

**Attorneys for Wolfgang Puck**

David L. Neale, Esq.
**Leven, Neale, Bender, Rankin & Brill**
10250 Constellation Blvd., Suite 1700
Los Angeles, California 90067
Phone: (310) 229-1234
Fax:    (310) 229-1244

**Attorney for Debtor**

David Gould, Esq.
A Professional Corporation
23801 Calabasas Rd. Suite 2032
Calabasas, CA 91302
Phone: (818) 222-8092
Fax: (818) 449-4803

**Attorney for the Official Committee of the Unsecured Creditors**

Steven T. Gubner, Esq.
Richard D. Burstein, Esq.
**Ezra Brutzkus Gubner LLP**
21650 Oxnard Street, Suite 500
Woodland Hills, California 91367
Phone: (818) 827-9000
Fax:    (818)827-9099