FILED
JUL 16 2009
HAROLD S. MARENUS, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

RECEIVED
JUL 22 2009
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

UNITED STATES BANKRUPTCY APPELLATE PANEL

OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No.  CC-09-1178 |
| FLORICA, INC., | Bk. No.  LA 06-13630-RN |
| | Adv. No.  LA 08-01438-RN |
| Debtor. | |
| WOLFGANG PUCK WORLDWIDE, INC.; ROBERT KAUTZ, JR.; JUDY LAWRIE; DONALD KARAS; DAVID SCULLEY, | |
| Appellants, | |
| v. | ORDER DENYING MOTION FOR LEAVE TO APPEAL AND DISMISSING APPEAL |
| WOLFGANG PUCK, FLORICA, INC. OFFICIAL COMMITTEE OF UNSECURED CREDITORS, | |
| Appellees. | |

BANKRUPTCY APPELLATE PANEL
OF THE NINTH CIRCUIT
A True Copy
Attest:
Harold S. Marenus, Clerk
_____ Deputy Clerk  (Vincent J. Barbato)
Date: 07/16/09

Before:  MONTALI, MARKELL and PAPPAS, Bankruptcy Judges.

    This is an appeal from an order denying a motion to exclude testimony and strike the report of Daniel L. McConaughy. Appellants filed a notice of appeal and a motion for leave to appeal on May 28, 2009.  The Official Committee of Unsecured Creditors filed an opposition to the motion for leave to appeal on June 5, 2009.  The panel has read and considered the notice of appeal, the motion for leave to appeal, the opposition and the appellate file.

    The order on appeal is interlocutory since there has not

1 | been a full and final disposition of the adversary proceeding.
2 | <u>Slimick v. Silva (In re Slimick)</u>, 928 F.2d 304, 307 (9th Cir.
3 | 1990). Appeal of an interlocutory order requires leave of the
4 | Panel. <u>See</u> 28 U.S.C. § 158.
5 |   The Panel regards the factors enunciated in 28 U.S.C.
6 | § 1292(b) as informing its analysis of whether to grant leave to
7 | appeal an interlocutory bankruptcy court order. Thus, leave is
8 | appropriate if the proposed appeal involves (1) a controlling
9 | question of law, (2) as to which there is substantial ground for
10 | difference of opinion, and (3) interests of judicial economy
11 | would be served because an immediate appeal may materially advance
12 | ultimate termination of the litigation or avoid wasted
13 | litigation. <u>E.g.</u>, <u>Lompa v. Price (In re Price)</u>, 79 B.R. 888, 889
14 | (9th Cir. BAP 1987), <u>aff'd</u>, 871 F.2d 97 (9th Cir. 1989).
15 |   This case does not involve a controlling question of law
16 | as to which there is a substantial ground for difference of opinion.
17 | Furthermore, an immediate appeal would not materially advance the
18 | ultimate termination of the litigation. Appellants will be able
19 | to challenge the order on appeal from a final judgment. <u>Baldwin
20 | v. Redwood City</u>, 540 F.2d 1360, 1364 (9th Cir. 1976).
21 |   The Motion for Leave to Appeal is hereby ORDERED DENIED.
22 |   Accordingly, this appeal is hereby ORDERED DISMISSED.
23 |   A certified copy of this order sent to the bankruptcy
24 | court shall serve as the Panel's mandate.
25 |
26 | PAPPAS, J., dissenting:
27 |   I respectfully disagree with the conclusions of the Panel
28 | and would grant the motion.

2