Philip Heller, PLC (SBN 113938)
ph@fhllplaw.com
Peter M. DelVecchio Esq. (SBN 183456)
pmd@fhllplaw.com
**FAGELBAUM & HELLER LLP**
2029 Century Park East, Suite 3550
Los Angeles, California 90067
Telephone:   (310) 286-7666
Facsimile:    (310) 286-7086
Attorneys for Wolfgang Puck Worldwide, Inc., Robert Kautz, Jr.
Judy Lawrie, Donald Karas, and David Sculley

David L. Neale (SBN 141225)
Michelle S. Grimberg (SBN 217327)
LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
10250 Constellation Blvd., Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234, Fax: (310) 229-1244
Attorneys for Wolfgang Puck

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:06-bk-13630-RN |
| FLORICA INC., fka Wolfgang Puck Casual Dining Inc., fka Wolfgang Puck Food Company, Inc. | Chapter 11 |
| Debtor. | Adv. Case No. 2:08-ap-01439-RN |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, | **DEFENDANTS' SUBMISSION REGARDING SETTLEMENT AGREEMENT CONFIDENTIALITY PROVISION** |
| Plaintiff, | |
| v. | |
| WOLFGANG PUCK, an individual, WOLFGANG PUCK WORLDWIDE, INC., a Delaware corporation, ROBERT FREDERICK KAUTZ, JR., an individual, JUDY LAWRIE, an individual, DONALD KARAS, an individual, DAVID SCULLEY, an individual, | |
| Defendants. | |

1                          SUBMISSION RE: SETTLMENT AGREEMENT

36191.003 - 3860.1

1     Based on Your Honor's statements in a conference call during which the issue of the

2 confidentiality of the parties' settlement agreement was discussed with counsel, Defendants

3 respectfully suggests that the following provision be included in the settlement agreement:

> There shall be no reference to any Defendant by name in any disclosure of the Agreement required under Federal Rule of Bankruptcy Procedure 9019 or any other provision of law or order of the Court except in the caption of a motion under Rule 9019. For a period of 24 months, no member of the Committee or representative of any member of the Committee, including without limitation attorneys, accountants, experts and financial advisors, and no Defendant or representative of any Defendant, including without limitation attorneys, accountants, experts and financial advisors, shall disclose to any third party this Agreement or any of its terms. The Court shall retain jurisdiction over this provision and shall have the authority to impose fines, issue injunctions or order any other relief it might deem necessary and appropriate for any violation.

13     Defendants respectfully suggest that this provision encompasses all of the points Your

14 Honor raised in the conference call regarding the confidentiality issue.

15     Defendants assume that Plaintiff intends to submit to the Court the same draft

16 provision it submitted to Defendants' counsel for consideration. That provision is as

17 follows:

> CONFIDENTIALITY: The Parties to this Agreement agree that the terms of this Agreement shall be kept confidential only to the extent set forth herein. The notice of the hearing on the Committee's motion to seek approval of this Agreement under the provisions of FRBP 9019 shall not separately set forth the names of any of the Parties, other than the Committee, to this Agreement but may identify the adversary proceeding being settled by caption and case number. The foregoing notwithstanding, in all other particulars, the notice shall comply with applicable provisions of the FRBP, the Local Bankruptcy Rules of the Central District of California, and custom and practice in the Central District re the providing of notice of motions under FRBP 9019. The motion for approval of the compromise shall be filed with the court and served on such parties to whom such service is required to be given. The motion for approval of the compromise shall have appended to it a copy of this Agreement as the motion is filed and served and as the motion may be provided to persons receiving the notice of the hearing who request it.

2     SUBMISSION RE: SETTLMENT AGREEMENT

36191.003 - 3860.1

> The Court may enter an Order approving the Agreement which may simply reflect the granting of the motion.
>
> Upon entry of the Order approving the Agreement, for a period of one year, no attorney for any Party to the Agreement, nor such party, shall willfully in violation hereof describe the terms and provisions of the Agreement to any person not having knowledge of the Agreement or the dispute which it resolved at the time of such communication. Nothing herein shall prohibit the disclosure of the mere fact of the settlement of the dispute in this time frame.
>
> In the even there is an assertion that the provisions hereof have been breached, any Party to the Agreement asserting that he/she/it are aggrieved thereby may by motion to the Honorable Richard M. Neiter in the Florica, Inc. bankruptcy case brought under applicable provisions of the FRBP and LBR pertaining to motions in contested matters bring such assertion to the Court for hearing. The matter shall proceed as a contested matter, the moving party's burden shall be to prove all elements of its claim by clear and convincing evidence, and the Court may upon determination of the propriety thereof fashion such relief as appears proper, not including rescission of the Agreement. All provisions of FRBP 8000 et seq., and the applicable provisions of the Federal Rules of Appellate Procedure and 28 USC Section 158 shall apply to such ruling.

In Defendants' view, Plaintiff's proposed confidentiality term deviates from Your Honor's stated intentions with respect to this provision in at least the ways discussed below. Prior to addressing the specifics of Plaintiff's draft provision, however, it warrants note that in the email to Defendants' counsel in which Plaintiff's draft confidentiality provision was set out, Mr. Burstein expressed Plaintiff's continuing view that there should be no confidentiality provision in the settlement agreement at all, a view the Court rejected. It seems that, perhaps in an attempt to attain that result, Plaintiff has submitted a convoluted, greatly overly-complicated provision that goes far beyond what Your Honor suggested.

First, Plaintiff's provision appears to misconstrue the intent of the provision. In counsel for Defendants' experience, most settlement agreements outside of bankruptcy include confidentiality provisions, and those provisions essentially always make the entire agreement confidential, with certain exceptions, for example, responding to lawful court

36191.003 - 3860.1

1. process. Given the requirements of Bankruptcy Rule 9019, Defendants understand that the terms of the settlement agreement shall generally be described, but Defendants see no reason to append a copy of the Agreement to the motion. No rule Defendants are aware of requires this, and it would undercut the confidentiality the provision at issue seeks to achieve. The terms of the Agreement can be adequately summarized without attaching a copy of the actual agreement to the motion. If Plaintiff so desires, it can be stated in the motion that any creditor entitled to notice may request a copy of the Agreement.

Second, Plaintiff's provision unnecessarily recites that the Rule 9019 motion is to comply with the Federal Rules of Bankruptcy Procedure, local rules, and other governing provisions, which compliance, other than as might be expressly stated in the Agreement, should be understood. To add a reference in the Agreement, particularly in a confidentiality provision, to the effect that the standard rules apply not only renders the confidentiality provision more bloated than it needs to be, but also could unnecessarily engender confusion. Plaintiff's recitations are surplus and should not be included in the provision.

Third, Plaintiff would have the confidentiality requirement last only one year. Your Honor did mention this as a possible duration for the confidentiality provision, but certainly did not order it. Defendants suggest two years, and believe that to be, if anything, on the short side. Indeed, most settlement agreement confidentiality provisions have no time limit. This is to guard against such eventualities as a lawyer, for example, making it essentially part of his resume that he sued Wolfgang Puck and WPW and achieved a 7-figure settlement.

Fourth, Plaintiff's provision does not extend to accountants, experts, and other representatives of the parties, which it clearly should. Otherwise the provision would have as many loopholes as there were such representatives.

Fifth, Plaintiff's paragraph regarding the Court's retention of jurisdiction is unnecessarily complicated. It suffices to state that the Court retains jurisdiction over issues concerning the confidentiality provision.

4      SUBMISSION RE: SETTLMENT AGREEMENT

36191.003 - 3860.1

Sixth, there is no justification for violations of the provisions needing to be proven by clear and convincing evidence. Your Honor said nothing about this in our conference call and it would be a most unusual requirement.

Finally, Defendants see no need for the confidentiality provision to get into such things as rights of appeal, which rights would be determined by the rules applicable to an order of the Court, without express reference to those rules in the provision. This aspect of Plaintiff's provision raises the same concerns discussed in "Second," above.

For the reasons stated herein, Defendants respectfully request that the Court adopt Defendants' version of the confidentiality provision to be inserted in the settlement agreement.

Dated: May 19, 2010            FAGELBAUM & HELLER LLP

By:    /s/ Philip Heller
        Philip Heller
    Attorneys for Wolfgang Puck Worldwide,
    Inc., Robert Frederick Kautz, Jr., Judy
    Lawrie, Donald Karas, and David Sculley


Dated: May 19, 2010            LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P

By:    /s/ David L. Neale
        David L. Neale
    Attorneys for Wolfgang Puck

5        SUBMISSION RE: SETTLMENT AGREEMENT

36191.003 - 3860.1

# CERTIFICATE OF SERVICE

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA (LOS ANGELES)
IN RE FLORICA
CASE NO. 2:06-BK 13630 RN
(ADV. CASE. NO. 2:08-AP-01439)

I hereby certify that on this 19th Day of May, 2010, a true and correct copy of **DEFENDANT'S SUBMISSION REGARDING SETTLEMENT AGREEMENT CONFIDENTIALITY PROVISION** document was served upon the person(s) listed below via CM/ECT electronic notification.

Plaintiff's Attorney (Official Committee of Unsecured Creditors)
Steven T. Gubner, Esq.
Richard D. Burstein, Esq.
Ezra Brutzkus Gubner LLP
21650 Oxnard Street, Suite 500
Woodland Hills, California 91367
Phone (818) 827-9000
Fax: (818) 827-909

United States Trustee
Office of the United States Trustee
725 S. Figueroa Street, 26th Floor
Los Angeles, CA 90071

Defendant Wolfgang Puck
c/o David L. Neale, Esq.
Michelle S. Grimberg, Esq.
Levene Neale Bender Rankin & Brill LLP
10250 Constellation Blvd. Suite 1700
Los Angeles, CA 90067

_____/s/ Carl Kinnison_____
Carl Kinnison

36191.003 - 3860.1